**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Darius Muhammad,** ) | **CASE NO. 1:11 CV 1947** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Bedford Nissan, Inc.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion to Dismiss, Or, Alternatively, to Stay the Case Pending Arbitration (Doc. 6). This case arises from plaintiff's transaction with an automobile dealership. For the reasons that follow, the motion to dismiss is GRANTED.

### FACTS

Plaintiff, Darius Muhammad, filed this lawsuit on behalf of himself and other similarly situated individuals, against defendant, Bedford Nissan, Inc., alleging wrongdoing in connection with a transaction related to the sale of a motor vehicle.

For purposes of ruling on the instant motion, the facts in the complaint are presumed true.

1

On October 30, 2010, plaintiff visited defendant to purchase and finance a used vehicle. Defendant agreed to sell and to finance the sale of the vehicle. Defendant prepared a number of forms and documents for plaintiff to sign. Specifically, the documents included a credit application, purchase contract, title and registration forms, conditional delivery agreement ("Delivery Agreement"), and retail installment sale contract ("Sale Contract"). Plaintiff signed the documents and defendant delivered the vehicle to plaintiff and informed him that his financing was approved. The Sale Contract contains the following provision, in part:

> All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall, at the election of either party, be resolved by binding arbitration by one arbitrator selected by you with our consent, or appointed by a court if you fail to select an arbitrator or we cannot agree on an arbitrator.

Plaintiff provided $1,000 to defendant as a down payment for the vehicle. "Days later," defendant informed plaintiff that there was a problem with his credit and that plaintiff would need to put more money down in order to keep the vehicle. It appears that defendant invoked its right to cancel the transaction, which appears in the Delivery Agreement. The Delivery Agreement provides, in relevant part, as follows:

> I understand that the Dealership has allowed me to take possession of the vehicle as a convenience to me, prior to financing approval, and that the agreement for the sale/lease of the vehicle is not complete until and unless financing has been approved. I understand and agree that it is the intent of both the Dealership and myself that financing will be obtained either directly from a third party financial institution/lessor, or in the event I signed a [Sale Contract] with the Dealership, that the Dealership will assign that [Sale Contract] to a third party to complete the transaction. I understand that this [Delivery Agreement] reflects my agreement with the Dealership to take possession of the vehicle, subject to the following terms and conditions, until my request for financing has been approved:
>
> (1) I understand that if either I or the Dealership is unable to obtain third party financing approval or assignment of the [Sale Contract] within 15 days of the above listed date, I and/or the Dealership may cancel the [Sale Contract] and I must immediately return the

vehicle to the Dealership.

\*\*\*

(4) In the event that the [Sale Contract] is cancelled, I agree to immediately return the vehicle to the Dealership upon verbal or written notice from the Dealership....

Plaintiff refused to provide defendant with any additional funds and returned the vehicle to defendant. Defendant would not refund plaintiff's down payment. According to the complaint, defendant forged a document entitled "Retail Order for a Motor Vehicle," which indicated that the down payment was non-refundable.

Thereafter, plaintiff filed this class action lawsuit containing four claims for relief. Count one seeks relief under the Truth in Lending Act. Count two is a claim for violation of the Equal Credit Opportunity Act. Count three alleges a violation of the Ohio Consumer Sales Practices Act and count four seeks relief under Ohio's Uniform Commercial Code.

Defendant moves to dismiss this action in light of the arbitration provision contained in the Sale Contract and plaintiff opposes the motion. In the alternative, defendant asks that this Court stay the litigation pending arbitration and strike the class action allegations based on language contained in the Sale Contract.

**ANALYSIS**

The Federal Arbitration Act ("FAA") applies as this is a transaction in commerce. The FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such

3

> grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The FAA embodies a clear federal policy requiring arbitration unless the agreement to arbitrate itself is revocable.  *Perry v. Thomas*, 482 U.S. 483, 489 (1987).  "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Id.* at 24-25.

When considering a motion to compel arbitration, if a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  Questions related to the formation of the agreement to arbitration are for the court.  *See*, *Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S.Ct. 2847 (2010)(issue of whether an agreement to arbitrate was *formed* is for the Court).  *Compare, Buckeye Check Cashing, inc. v. Cardegna*, 546 U.S. 440 (2006)(arbitration provision severable where party raises issue that illegality of one provision invalidates entire contract; thus issue is for arbitrator to decide).

In ruling on a motion to compel arbitration,

> Section 4 of the Arbitration Act requires the court to engage in a limited review.  The first step of that review is to determine if a valid agreement to arbitrate exists between the parties.  If a valid

4

> arbitration agreement exists, the court must determine if the specific dispute falls within the substantive scope of the agreement.

*Harmer v. Doctor's Associates, Inc.*, 781 F.Supp. 1225, 1228 (E.D. Mich.1991) (internal citations omitted).  *See also AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986) (holding that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims").  A motion to compel arbitration should be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).  While the court considers the facts in the light most favorable to the plaintiff, ultimately the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.  *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Anderson,* 316 F. Supp. 2d at 558.

Here, the parties do not dispute that a signed arbitration agreement exists in the Sale Contract.  Nor do they dispute that the claims at issue in this lawsuit are within the scope of the arbitration provision.  Rather, plaintiff argues that the arbitration agreement cannot be enforced because no valid contract ever existed between the parties. According to plaintiff, the Sale Contract and the Delivery Agreement, in combination, result in "no contract at all."  Plaintiff claims that there is no consideration supporting the agreements.   On the other hand, defendant argues that the agreements are supported by consideration.  Defendant claims that the Sale Contract expressly incorporates the Delivery Agreement.  Defendant argues that it provided substantial consideration for the transaction.  According to defendant, it allowed plaintiff to use

5

the vehicle during the time financing was being arranged. In addition, defendant points out that it could not cancel the Delivery Agreement and it had no right to cancel the Sale Contract for at least 15 days. In addition, both parties had the right to terminate the Sale Contract if financing could not be arranged. Defendant further points out that the Sale Contract contains "no fewer that [sic] 13 paragraphs of mutual promises agreed to by the parties, including the arbitration provision." Defendant claims that the right to terminate or cancel a contract does not render the contract void for lack of consideration. Defendant also argues that Ohio courts have determined that agreements like the Delivery Agreement are valid and enforceable.

Upon review, the Court finds that the arbitration provision is enforceable because the Sale Contract is supported by consideration.

Ohio law defines the elements of a contract as follows:

> 'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'

*Kostelnick v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002) (quoting *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D. Ohio 1976)). Consideration means "giving up something which the promisee was theretofore privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing." 3 *Samuel Willliston & Richard Lord, A Treatise on the Law of Contracts* § 7:4 (4th ed. 1993).

Upon review, the Court finds that the Sale Contract is supported by consideration. On its face, the Sale Contract identifies the vehicle itself, the price for the vehicle, the annual percentage rate, the amount of each payment, and the date the payments are to begin. It identifies plaintiff as the purchaser and defendant as the "seller/creditor." During the time the

6

Sale Contract was in effect, defendant could not sell the vehicle to another purchaser. It requires plaintiff to make monthly payments in exchange for the vehicle. In addition, it discusses a security interest, warranties, insurance, late charges, default, and assignment. It further contains an arbitration provision. It sum, both parties "gave up" certain rights under the Sale Contract. Therefore, the Sale Contract, which contains the arbitration provision, does not fail for lack of consideration.

Although not expressly argued, the Court finds that the real issue lies in the fact that the Delivery Agreement contradicts the Sale Agreement. On its face, the Sale Contract lists defendant as the "seller/creditor," and outlines credit related disclosures. It purports to give defendant a security interest in the vehicle. On the other hand, the Delivery Agreement indicates that the Sale Contract will be assigned "to a third party to complete the transaction." Thus, this document wholly undermines the Sale Contract by purporting to add a condition to the Sale Contract. In its briefing, plaintiff alludes to the fact that this "condition" was not satisfied and, therefore, the Sale Contract does not exist. In response, defendant argues that the Court should consider the documents together since they were executed as part of the same transaction. Defendant argues that the right to terminate the Sale Contract is a condition subsequent, the occurrence of which does not void the contract *ab initio*.

Upon review, the Court agrees with defendant. On its face, and without resort to the Delivery Agreement, the Sale Contract contains a binding and enforceable agreement to arbitrate. No party argues otherwise. Thus, the Court need only determine whether the right to cancel the Sale Contract, which appears in the Delivery Agreement, undermines the enforceability of the arbitration clause contained in the Sale Contract. The Court finds that it

7

does not.  The determination turns on whether the right to cancel is a condition precedent or a condition subsequent.  "[I]f a condition precedent [is] not fulfilled, then no contract to sell existed." *See Carter v. New Buckeye Redevelopment Corp.*, unreported, 1998 WL 158855 (Ohio App. 8th Dist. 1998)(*citing*, *Mumaw v. Insurance Co.*, 119 N.E. 132 (Ohio 1917).  A condition subsequent, on the other hand, "occurs when a contract was formed, but the parties agree that if certain contingencies occur, the contract will no longer be in effect." *Id*. (*citing Retterer v. Bender,* 154 N.E.2d 827 (Ohio App. 3d Dist. 1958)).  In this case, defendant correctly notes that the assignment of the financing rights is a condition subsequent to the parties' agreement.[1]  *See*, *e.g., Salvagne v. Fairfield Ford, Inc.*, —F.2.—, 2010 WL 3292967 (S.D. Ohio 2010)("Spot Delivery Agreement, however comes along and purports to impose a condition subsequent on the Retail Installment Sales Contract, already a fully integrated and binding contract."); *Leguillou v. Lynch Ford, Inc.*, 2000 WL 198796 (N.D. Ill 2000)("The provision of the retail installment contract at issue here allowed either party to void the agreement in the event financing could not be obtained.  That provision is a condition subsequent to the contract.").  Here, the condition subsequent, *i.e.*, the right to cancel, was not unfettered or illusory.  Rather, either the dealership or the purchaser had the right to cancel the Sale Agreement only if assignment of financing did not occur within fifteen days.  As such, contrary to plaintiff's argument, no condition precedent exists and the condition subsequent is not illusory.

---

[1] Defendant also argues that the Delivery Agreement incorporates the Sale Contract, which contains the arbitration provision.  The Court notes, however, that the Delivery Agreement purports to incorporate the "Buyers/Lease Order."  This Court cannot say whether this agreement is the same as the Sale Contract.  The Court, however, need not resolve this issue in ruling on the instant motion.

Accordingly, the Sale Contract is not void *ab initio*.

Plaintiff also argues that by exercising its right to cancel the Sale Contract, the entire agreement, including the arbitration provision, is unenforceable because the agreement no longer exists. A review of Ohio law, however, demonstrates that plaintiff is incorrect. For example, in *K.M.P., Inc. v. Ohio Historical Society*, 2003 WL 21995291 (Ohio App. 4th Dist. 2003), the court of appeals reversed a trial court's denial of defendant's motion to compel arbitration. The trial court concluded that by cancelling the entire underlying agreement, defendant waived its right to arbitrate claims arising thereunder. The court of appeals disagreed:

> Appellant...terminated the contract before seeking to enforce the arbitration provision. We [find] that to hold that a party waives an arbitration provision by terminating a contract before seeking to enforce that provision would contravene well-established and sound public policy. The law favors arbitration and a court should not lightly infer a waiver of the right to arbitrate.

*K.M.P.*, at *4. *See also*, *Colegrove v. Handler*, 517 N.E.2d 979 145 (Ohio App. 10th Dist. 1986). Accordingly, based on Ohio law, the Court finds that defendant's cancellation of the Sale Contract does not constitute a waiver of the right to enforce the arbitration clause.[2]

Having concluded that the arbitration agreement is enforceable, the Court turns to defendant's alternative requests. Defendant requests that the Court dismiss the action and compel arbitration. In the alternative, defendant asks that the Court stay this matter pending

---

[2] In support of its position, plaintiff relies exclusively on Florida law. The Court notes, however, that a more recent Florida case rejected plaintiff's argument and enforced an arbitration provision based on circumstances very similar to the instant case. *See, e.g., Serra v. Saturn of Clearwater*, 2008 WL 5412213 (M.D. Fla. 2008)(ordering case to arbitration where retail installment sales contract was cancelled by dealership after assignment of financing not obtained).

arbitration.  Plaintiff does not address this issue.  Nor does plaintiff argue that any particular claim does not fall within the purview of the arbitration clause.  Upon review, the Court finds that all of plaintiff's claims are governed by the arbitration clause.  As such, there is nothing left for this Court to do on this matter and dismissal is appropriate.  *Arnold v. Arnold Corp.-Printed Communications for Business*, 920 F.2d 1269 (6th Cir.1990) (where there is "nothing left for the district court to do but execute judgment," dismissal is appropriate).  Having concluded that dismissal is appropriate, the Court need not reach defendant's alternative request to strike the class action allegations.

### **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, Or, Alternatively, to Stay the Case Pending Arbitration.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/6/12